UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                      :

   In re                                                :

                                               :               20 Misc. 300 (LGS)

   Subpoena to The Nielsen Company (US), LLC   :

                                               :                 ORDER

                                               :

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiffs in the underlying litigation *Maeda et al. v. Kennedy Endeavors,*

*Inc.*, 18 Civ. No. 459 (D. Haw.) move to compel non-party The Nielsen Company (US), LLC

("Nielsen") to produce documents in response to Plaintiffs' subpoena served April 13, 2020,

which, as relevant to Plaintiffs' motion, seeks from Nielsen "[a]ll POS [Point of Sale] and

consumer retail sales data (on no less than a quarterly basis)" for the products at issue sold in

Hawaii for the last eight years and (2) "all POS and consumer retail sales data (on no less than a

quarterly basis) for the entire Snack Food Industry" in Hawaii for the last eight years

(collectively, the "Scanner Data").

      WHEREAS, Nielsen opposes the motion, in part on the grounds that: (i) despite the

Protective Order entered in this case, it would be "harmed in its business were litigants able to

use Nielsen's data against the very businesses to whom Nielsen markets these data and reports";

(ii) it would have to perform a burdensome "custom query of its database and generate a report"

to obtain the Scanner Data; (iii) Nielsen only possesses "the raw scanner data collected at the

retail level . . . pursuant to agreements with the retailers who own the data, and the agreements

restrict what Nielsen is permitted to do with these sample data" and (iv) the Scanner Data is

readily available "from the retailers who sold the products."  It is hereby

**ORDERED** that by **October 12, 2020**, Nielsen shall file a letter attaching document(s) that provide an evidentiary basis (i.e. an affidavit or declaration) for:

(1) The harm Nielsen would suffer if it disclosed the Scanner Data pursuant to the Protective Order in this case;

(2) The estimated amount of time it would take, including both employee and counsel time, to obtain and provide the Scanner Data.  Such estimate shall include an estimate of the amount of time it would take to formulate and execute a query on Nielsen's database for the Scanner Data;

(3) Whether Nielsen markets the Scanner Data or comparable information, and at what price it sells or licenses the Scanner Data or comparable information; and

(4) Specific contractual restrictions between Nielsen and retailers governing use of the Scanner Data.  It is further

**ORDERED** that by **October 12, 2020**, Plaintiffs shall file a letter setting forth an evidentiary basis for:

(1)  The efforts Plaintiffs have made to obtain the substantive equivalent of the Scanner Data from other sources, including but not limited to Hawaiian retailers.

Dated:  September 29, 2020
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE